**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VINCENT STRICKLAND,

        Petitioner,

v.                                                Case Number: 2:07-cv-13732

RAYMOND BOOKER,

        Respondent.
                                   /

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Vincent Strickland filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, challenges his convictions for possession with intent to deal heroin, armed robbery, and assault with intent to do great bodily harm less than murder. For the reasons stated below, the court dismisses the habeas petition without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner states that he pleaded guilty in Wayne County Circuit Court to the above listed offenses and was sentenced on November 22, 1982 to four to twenty years imprisonment. Petitioner did not pursue a direct appeal of these convictions in state court. He also has not filed any other actions in state court challenging these convictions. (*See* Petition at 1-3.) Petitioner states that these convictions are being used to enhance his current sentence.

In his petition, Petitioner asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel because the state court did not inform him of those rights at the time of his plea and sentence. (*See id.* at 5.)

## II. DISCUSSION

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of showing exhaustion of state court remedies. He admits that he has not presented his habeas claim to the state courts. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted

2

claim. Petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Petitioner's argument that the state courts did not advise him of his right to appeal and obtain appointed counsel does not excuse the exhaustion requirement. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner failed to exhaust state remedies on claim involving denial of appellate counsel and he could pursue the issue by filing a new state court petition or by seeking state post-conviction relief); *Reynolds v. Lockhart*, 497 F.2d 314, 316-317 (8th Cir. 1974) (petitioner failed to exhaust state remedies regarding denial of appellate counsel where claim had not been presented to the state courts in post-conviction proceedings); *see also Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) (exhaustion not excused as futile merely because state trial court rejected petitioner's request for appointment of counsel where there was no indication that petitioner had previously filed for post-conviction relief or that state court would refuse to consider such a motion); *In Re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995) (exhaustion not excused based upon state court's refusal to appoint counsel for petitioner in state habeas case or petitioner's alleged inability to effectively advocate *pro se*; petitioner was required to make an effort to exhaust state remedies on his own).

The court concludes that Petitioner has failed to exhaust state court remedies as to the claim presented in his federal habeas petition.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus [Dkt. #1] is DISMISSED WITHOUT PREJUDICE.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 18, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522